6/10/2015 12:10:47 PM
15CV14897

I HEREBY CERTIFY THAT
THIS IS A TRUE & CORRECT
COPY OF THE ORIGINAL

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| JESSE MARTINEZ, Personal Representative for the Estate of RITA BLANCO, deceased,<br><br>    Plaintiff,<br><br>v.<br><br>WILLAMETTE VALLEY MEDICAL CENTER LLC, a Foreign Limited Liability Company; AUDREY TERESA TRAINER, DO; EMERGENCY MEDICAL ASSOCIATES OF MCMINNVILLE, LLP a Domestic Limited Liability Partnership; MARGO JANINE PIPHER, DO; and VIRGINIA GARCIA MEMORIAL HEALTH CENTER, a Domestic Nonprofit Corporation<br><br>    Defendants. | Case No.<br><br>**COMPLAINT**<br><br>(Medical Negligence)<br><br>(Amount of Prayer: $900,000)<br><br>(Not Subject to Mandatory Arbitration)<br><br>(Jury Trial Requested)<br><br>(Fee Authority: ORS 21.160(1)(c)) |

Plaintiff alleges:

FIRST CLAIM FOR RELIEF: MEDICAL NEGLIGENCE

WRONGFUL DEATH CLAIM, ORS 30.020 et seq.

1.

Plaintiff, JESSE MARTINEZ, is the duly appointed Personal Representative of the estate of RITA BLANCO, deceased, and brings this action on behalf of the decedent, the decedent's estate, the

PAGE 1 - COMPLAINT

ADAMS, UFFELMAN, RAVELO & NGUYEN, LLP
dba BEAVERTON LAW GROUP, LLP
4500 SW Hall Blvd
Beaverton, OR 97005
Tel: (503) 644-2146 Fax: (503) 646-2227
Email: juffelman@beavertonlaw.com

surviving children of the decedent, and such other persons or entities who would have their interests protected by ORS 30.020.

2.

At all times material herein, the Defendant WILLAMETTE VALLEY MEDICAL CENTER LLC is a Foreign Limited Liability Company engaged in, and holds itself out as providing medical services in McMinnville Oregon (hereinafter "Defendant WVMC Hospital") which included providing physicians including emergency department physicians, surgeons, hospitalists, intensivists, nurses, radiology, technicians, medical staff, laboratory and pharmaceutical services to patients treated at the Defendant WVMC Hospital. Defendant WVMC Hospital employed or held out as its agents or ostensible agents various health care personnel including but not limited to physicians including emergency department physicians, surgeons, hospitalists, intensivists, nurses, laboratory technicians, pharmacy and other health care personnel as agents of the Defendant WVMC Hospital performing patient care services for recipients of health care including Plaintiff's decedent, and acting within the course and scope of their employment or agency or ostensible agency of Defendant WVMC Hospital, and that the Decedent believed were agents or employees of Defendant WVMC Hospital.

3.

Providing emergency medical, medical, surgical, diagnostic, and nursing services is an essential function of Defendant WVMC Hospital. Defendant WVMC Hospital owes a non-delegable duty to provide competent emergency medical, medical, surgical, diagnostic, and nursing services within applicable standards of care and to supervise its employees, agents, ostensible agents, surgeons, physicians and nursing staff to insure that such standard of care is met.

4.

At all times material herein, the Defendant EMERGENCY MEDICAL ASSOCIATES OF MCMINNVILLE, LLP (hereinafter, "Defendant EMERGENCY MEDICAL ASSOCIATES") is a Domestic Limited Liability Partnership, which contracts with medical facilities including the Defendant

ADAMS, UFFELMAN, RAVELO & NGUYEN, LLP
dba BEAVERTON LAW GROUP, LLP
4500 SW Hall Blvd
Beaverton, OR 97005
Tel: (503) 644-2146 Fax: (503) 646-2227
Email: juffelman@beavertonlaw.com

WVMC Hospital to provide emergency physician services to patients. At all times material herein the Defendant AUDREY TERESA TRAINER, DO (hereinafter "Defendant Dr. TRAINER") was a physician licensed in Oregon and an employee or partner in the Defendant EMERGENCY MEDICAL ASSOCIATES, acting within the scope and employment and/or capacity with Defendant EMERGENCY MEDICAL ASSOCIATES, and as an agent and/or employee of Defendant WVMC Hospital.

5.

At all times material herein, the Defendant VIRGINIA GARCIA MEMORIAL HEALTH CENTER, (hereinafter "Defendant VIRGINIA GARCIA CENTER") was a Domestic Nonprofit Corporation providing medical services through its clinic in McMinnville Oregon, including services to the Decedent, RITA BLANCO. At all times material herein the Defendant MARGO JANINE PIPHER, DO (hereinafter "Defendant Dr. PIPHER") was a physician licensed in Oregon and an employee acting within the scope and employment with Defendant VIRGINIA GARCIA CENTER and was the primary care physician of the Decedent, RITA BLANCO.

6.

On June 10, 2012 RITA BLANCO received medical treatment in the Defendant WVMC Hospital Emergency Department from Defendant Dr. TRAINER for left leg swelling. Dr. TRAINER diagnosed an acute left lower extremity deep venous thrombosis ("DVT") but with no evidence of pulmonary embolism. Dr. TRAINER knew that RITA BLANCO had a history of intracranial hemorrhage and further knew, or in the exercise of reasonable care should have known that RITA BLANCO because of prior DVTs had in place an inferior vena cava filter, sometimes referred to as a "Greenfield filter", as a protective measure from a DVT advancing to a pulmonary embolism. Dr. TRAINER recommended treatment with "COUMADIN" (Warfarin) and "LOVENOX" (a form of Heparin). Dr. TRAINER knew and recorded that RITA BLANCO and her family caregiver or caregivers were "quite resistant" to the use of COUMADIN an anticoagulant due to RITA BLANCO's

PAGE 3 - COMPLAINT

ADAMS, UFFELMAN, RAVELO & NGUYEN, LLP
dba BEAVERTON LAW GROUP, LLP
4500 SW Hall Blvd
Beaverton, OR 97005
Tel: (503) 644-2146 Fax: (503) 646-2227
Email: juffelman@beavertonlaw.com

prior history of intracranial hemorrhage. Dr. TRAINER agreed to honor the patient's son's request not to administer COUMADIN but did not inform RITA BLANCO or her family caregiver or caregivers that LOVENOX was a form of Heparin and was also an anticoagulant which would act similar to the COUMADIN that she knew they resisted. Dr. TRAINER did not inform RITA BLANCO or her family caregiver or caregivers of the risks associated with LOVENOX including the warning on the LOVENOX label of increased risk of hemorrhage including intracranial hemorrhage, or that the label warns "Lovenox should be used with extreme caution in conditions with increased risk of hemorrhage" such as in patients treated concomitantly with platelet inhibitors and that aspirin is a platelet inhibitor. Dr. TRAINER recorded that she prescribed and administered 100 mg. of LOVENOX and that it exceeded the recommended dose for this patient, but she did not inform RITA BLANCO or her family caregiver or caregivers that she was prescribing and administering an excessive dosage. Dr. TRAINER discharged RITA BLANCO to return home and to see her primary care provider, the Defendant Dr. PIPHER at the Defendant VIRGINIA GARCIA CENTER within two days.

7.

On June 11, 2012 RITA BLANCO was seen by the Defendant Dr. PIPHER at the Defendant VIRGINIA GARCIA CENTER. The Defendant Dr. PIPHER knew that RITA BLANCO and her family caregiver or caregivers refused to use COUMADIN due to her history of intracranial hemorrhage but did not inform RITA BLANCO or her family caregiver or caregivers that LOVENOX was a form of Heparin and was also an anticoagulant which would act similar to the COUMADIN. Dr. PIPHER did not inform RITA BLANCO or her family caregiver or caregivers of the risks associated with LOVENOX including the warning on the LOVENOX label of increased risk of hemorrhage including intracranial hemorrhage, or that the label warns "Lovenox should be used with extreme caution in conditions with increased risk of hemorrhage" such as in patients treated concomitantly with platelet inhibitors, and that aspirin is a platelet inhibitor. DR. PIPHER did not inform RITA BLANCO or her family caregiver or caregivers that the 100 mg. of LOVENOX prescribed and administered by the

PAGE 4 - COMPLAINT

ADAMS, UFFELMAN, RAVELO & NGUYEN, LLP
dba BEAVERTON LAW GROUP, LLP
4500 SW Hall Blvd
Beaverton, OR 97005
Tel: (503) 644-2146 Fax: (503) 646-2227
Email: juffelman@beavertonlaw.com

Defendant Dr. TRAINER exceeded the recommended dose for this patient. The Defendant Dr. PIPHER continued the prescribed dosage of LOVENOX ordered by Defendant Dr. TRAINER and also prescribed 81 mg. of aspirin, a platelet inhibitor.

8.

RITA BLANCO was returned to the hospital by ambulance on June 16, 2012 and was suffering from a hemorrhagic stroke, which was fatal and which the hospital records, and death certificate report was due to the LOVENOX treatment. On June 28, 2012 RITA BLANCO died from intracranial hemorrhage caused by the anticoagulation with LOVENOX on and after June 10, 2012.

9.

The Defendant WVMC Hospital through and with its employees and agents the Defendant EMERGENCY MEDICAL ASSOCIATES and the Defendant Dr. TRAINER, and the Defendant VIRGINIA GARCIA CENTER through and with its employee and agent Defendant Dr. PIPHER were negligent in the medical care and treatment of RITA BLANCO, generally, and in one or more of the following particulars:

5.1     Failing to assess the existing presence of the inferior vena cava filter in RITA BLANCO, and that it reduced the risk to her of a pulmonary embolism resulting from her DVT when pursuing treatment with the anticoagulant therapy in her case;

5.2     Treating, continuing to treat and prescribing further treatment for RITA BLANCO a dosage of LOVENOX that exceeded manufacturer recommendations specified on the label for a person her size;

5.3     Continuing treatment with a platelet inhibitor during the administration of LOVENOX; and

5.4     Additional specifications of negligence which may be identified upon obtaining further medical records and discovery from the Defendants.

ADAMS, UFFELMAN, RAVELO & NGUYEN, LLP
dba BEAVERTON LAW GROUP, LLP
4500 SW Hall Blvd
Beaverton, OR 97005
Tel: (503) 644-2146 Fax: (503) 646-2227
Email: juffelman@beavertonlaw.com

10.

In addition or in the alternative to the negligence alleged in Paragraph 9 the Defendant WVMC Hospital through and with its employees and agents the Defendant EMERGENCY MEDICAL ASSOCIATES and the Defendant Dr. TRAINER, and the Defendant VIRGINIA GARCIA CENTER through and with its employee and agent Defendant Dr. PIPHER failed to comply with ORS 677.097 in its medical care and treatment of the decedent RITA BLANCO between June 10, 2012 and June 16, 2012, in failing to inform RITA BLANCO or her family caregiver or caregivers before treating, and continuing to treat RITA BLANCO with LOVENOX in one or more of the following particulars:

10.1 The Defendants failed to inform RITA BLANCO or her family caregiver or caregivers that LOVENOX was a form of Heparin and was also an anticoagulant which would act similar to the COUMADIN.

10.2 The Defendants failed to inform RITA BLANCO or her family caregiver or caregivers of the risks associated with LOVENOX including the warning on the LOVENOX label of increased risk of hemorrhage including intracranial hemorrhage, or that the label warns "Lovenox should be used with extreme caution in conditions with increased risk of hemorrhage" such as in patients treated concomitantly with platelet inhibitors and that aspirin is a platelet inhibitor.

10.3 The Defendants failed to inform RITA BLANCO or her family caregiver or caregivers that the 100 mg. of LOVENOX prescribed and administered by Defendant Dr. TRAINER exceeded the recommended dose for this patient.

10.4 The Defendants failed to inform RITA BLANCO or her family caregiver or caregivers of additional specifications which may be identified upon obtaining further medical records and discovery from the Defendant.

ADAMS, UFFELMAN, RAVELO & NGUYEN, LLP
dba BEAVERTON LAW GROUP, LLP
4500 SW Hall Blvd
Beaverton, OR 97005
Tel: (503) 644-2146 Fax: (503) 646-2227
Email: juffelman@beavertonlaw.com

11.

RITA BLANCO and her family caregiver or caregivers would not have consented to the treatment with LOVENOX had the Defendants provided them with the information that the Defendants failed to inform them as alleged in Paragraph 10.

12.

The negligence of the Defendant WVMC Hospital through its agents and employees caused physical and emotional pain and suffering, further medical care and treatment, and the death of RITA BLANCO, medical treatment and expenses and loss of future income, causing noneconomic damages in the sum of $750,000 and economic damages in the approximate sum of $150,000 and as to be further determined at trial, past medical expenses, loss of future income, and such additional damages in a sum to be determined at trial and further discovery, the total damages not currently anticipated to exceed NINE HUNDRED THOUSAND DOLLARS ($900,000).

PRAYER

WHEREFORE, the Plaintiff prays for Judgment against the Defendants for Plaintiff's noneconomic damages and economic damages in a sum to be determined at trial and further discovery not currently anticipated to exceed NINE HUNDRED THOUSAND DOLLARS ($900,000); and Plaintiff's costs and disbursements.

DATED this 10th day of June, 2015

John E. Uffelman, OSB No. 733073
ADAMS, UFFELMAN, RAVELO & NGUYEN, LLP
dba BEAVERTON LAW GROUP, LLP
4500 S.W. Hall Boulevard
Beaverton, Oregon 97005-0504
Tel: (503) 644-2146 / Fax: (503) 646-2227
email: juffelman@beavertonlaw.com

PAGE 7 - COMPLAINT

ADAMS, UFFELMAN, RAVELO & NGUYEN, LLP
dba BEAVERTON LAW GROUP, LLP
4500 SW Hall Blvd
Beaverton, OR 97005
Tel: (503) 644-2146 Fax: (503) 646-2227
Email: juffelman@beavertonlaw.com